UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

| | |
|---|---|
| EDUARDO E DIMINGO and all others<br>similarly situated under 29 U.S.C. 216(b),<br><br>        Plaintiffs,<br>    vs.<br><br>MIDNIGHT XPRESS, INC.,<br>JR TRUCKS CORP,<br>APR TRUCKING, INC.,<br>UNITED TRANSPORT LOGISTICS, INC.,<br>YANEL MARTINEZ, SR.,<br>YANEL MARTINEZ,<br>ANATELLA MARTINEZ,<br><br>        Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS**

Plaintiff, EDUARDO E DIMINGO, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, MIDNIGHT XPRESS, INC., JR TRUCKS CORP, APR TRUCKING, INC., UNITED TRANSPORT LOGISTICS, INC.,  YANEL MARTINEZ, SR., YANEL MARTINEZ, and ANATELLA MARTINEZ and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant MIDNIGHT XPRESS, INC., is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for Plaintiffs' respective period of employment ("the relevant time

period").

4. The Defendant JR TRUCKS CORP, is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

5. The Defendant APR TRUCKING, INC., is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

6. The Defendant UNITED TRANSPORT LOGISTICS, INC., is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

7. The individual Defendant YANEL MARTINEZ, SR. is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's joint employer as defined by 29 U.S.C. 203 (d).

8. The individual Defendant YANEL MARTINEZ is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's joint employer as defined by 29 U.S.C. 203 (d).

9. The individual Defendant ANATELLA MARTINEZ is a corporate officer and/or owner

and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' joint employer as defined by 29 U.S.C. 203 (d).

10. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

11. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendant employed several other similarly situated employees like Plaintiff who has not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

12. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

13. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

14. Plaintiff worked for Defendant as a security guard from on or about September 9, 2014 through on or about July 28, 2017.

15. Defendant MIDNIGHT XPRESS, INC.'s business activities involve those to which the Fair Labor Standards Act applies. Both Defendant MIDNIGHT XPRESS, INC.'s business and the Plaintiff's work for Defendant MIDNIGHT XPRESS, INC.'s affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant MIDNIGHT XPRESS, INC., INC. affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant MIDNIGHT XPRESS, INC. to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for Defendant MIDNIGHT XPRESS, INC. was actually in and/or so closely related to the movement of commerce while he worked for Defendant MIDNIGHT XPRESS, INC. that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant MIDNIGHT XPRESS, INC.

16. Defendant JR TRUCKS CORP's business activities involve those to which the Fair Labor Standards Act applies. Both Defendant JR TRUCKS CORP's business and the Plaintiff's work for Defendant JR TRUCKS CORP's affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant JR TRUCKS CORP affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant JR TRUCKS CORP to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for Defendant JR TRUCKS CORP was actually in and/or so closely related to the movement of commerce while he worked for Defendant JR TRUCKS CORP that the Fair Labor Standards Act applies to Plaintiff's work for Defendant JR TRUCKS CORP.

17. Defendant APR TRUCKING, INC.'s business activities involve those to which the Fair Labor Standards Act applies. Both Defendant APR TRUCKING, INC.'s business and the Plaintiff's work for Defendant APR TRUCKING, INC.'s affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant APR TRUCKING, INC. affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant APR TRUCKING, INC. to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for Defendant APR TRUCKING, INC. was actually in and/or so closely related to the movement of commerce while he worked for Defendant APR TRUCKING, INC. that the Fair Labor Standards Act applies to Plaintiff's work for Defendant APR TRUCKING, INC.

18. Defendant UNITED TRANSPORT LOGISTICS, INC.'s business activities involve those to which the Fair Labor Standards Act applies. Both Defendant UNITED TRANSPORT LOGISTICS, INC.'s business and the Plaintiff's work for Defendant UNITED TRANSPORT LOGISTICS, INC.'s affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant UNITED TRANSPORT LOGISTICS, INC. affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant UNITED TRANSPORT LOGISTICS, INC. to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for Defendant UNITED TRANSPORT LOGISTICS, INC. was actually in and/or so closely related to the movement of commerce while he worked for Defendant UNITED TRANSPORT LOGISTICS, INC. that the Fair Labor Standards Act applies to Plaintiff's

work for Defendant UNITED TRANSPORT LOGISTICS, INC.

19. Additionally, Defendant MIDNIGHT XPRESS, INC. regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant MIDNIGHT XPRESS, INC.'s business an enterprise covered under the Fair Labor Standards Act.

20. Additionally, Defendant JR TRUCKS CORP regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant JR TRUCKS CORP's business an enterprise covered under the Fair Labor Standards Act.

21. Additionally, Defendant APR TRUCKING, INC. regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant APR TRUCKING, INC.'s business an enterprise covered under the Fair Labor Standards Act.

22. Additionally, Defendant UNITED TRANSPORT LOGISTICS, INC. regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant UNITED TRANSPORT LOGISTICS, INC.'s business an enterprise covered under the Fair Labor Standards Act.

23. Upon information and belief, the Defendant Corporations had gross sales or business done in excess of $500,000 annually each and/or combined for the years 2013, 2014, 2015, and 2016.

24. Upon information and belief, the Defendant Corporations gross sales or business done is

expected to exceed $500,000 for the year 2017.

25. Upon information and belief, Defendants, MIDNIGHT XPRESS, INC., JR TRUCKS CORP, APR TRUCKING, INC., UNITED TRANSPORT LOGISTICS, INC., are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control, are being done for a common business purpose.

26. Upon information and belief, Defendants, NORTHSIDE IMPORTS, INC. and UNIVERSAL IMPORTS PARTS INC., were Plaintiff's joint employers during Plaintiff's employment with the Defendant Companies as the work performed by Plaintiff simultaneously benefited all Defendant Companies who were responsible for controlling Plaintiff's hours, determining Plaintiff's pay and which were operated by the same company officers for a common business purpose.

27. Individual Defendant YANEL MARTINEZ, SR. was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

28. Individual Defendant YANEL MARTINEZ was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

29. Individual Defendant ANATELLA MARTINEZ was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

30. Between the period of on or about September 9, 2014 through on or about July 28, 2017, Plaintiff worked an average of 77 hours a week for Defendants and was paid an average of $14.02 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

31. Defendants MIDNIGHT XPRESS, INC., JR TRUCKS CORP, APR TRUCKING, INC., UNITED TRANSPORT LOGISTICS, INC.,  YANEL MARTINEZ, SR., YANEL MARTINEZ, and ANATELLA MARTINEZ willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants MIDNIGHT XPRESS, INC., JR TRUCKS CORP, APR TRUCKING, INC., UNITED TRANSPORT LOGISTICS, INC.,  YANEL MARTINEZ, SR., YANEL MARTINEZ, and ANATELLA MARTINEZ knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' MIDNIGHT XPRESS, INC., JR TRUCKS CORP, APR TRUCKING, INC., UNITED TRANSPORT LOGISTICS, INC., YANEL MARTINEZ, SR., YANEL MARTINEZ, and ANATELLA MARTINEZ's payroll practices were in accordance with the Fair Labor Standards Act. Defendants' MIDNIGHT XPRESS, INC., JR TRUCKS CORP, APR TRUCKING, INC., UNITED TRANSPORT LOGISTICS, INC.,  YANEL MARTINEZ, SR., YANEL MARTINEZ, and ANATELLA MARTINEZ remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants MIDNIGHT XPRESS, INC., JR TRUCKS CORP, APR TRUCKING, INC., UNITED TRANSPORT LOGISTICS, INC.,  YANEL MARTINEZ, SR., YANEL MARTINEZ, and ANATELLA MARTINEZ for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, MIDNIGHT XPRESS, INC., JR TRUCKS CORP, APR TRUCKING, INC., UNITED TRANSPORT LOGISTICS, INC.,  YANEL MARTINEZ, SR., YANEL MARTINEZ, and ANATELLA MARTINEZ, jointly and/or severally, pursuant to the Fair Labor Standards

Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants MIDNIGHT XPRESS, INC., JR TRUCKS CORP, APR TRUCKING, INC., UNITED TRANSPORT LOGISTICS, INC., YANEL MARTINEZ, SR., YANEL MARTINEZ, and ANATELLA MARTINEZ or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
        J.H. Zidell, Esq.
     Florida Bar Number: 0010121