United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Eduardo E. Dimingo, Plaintiff,<br>v.<br>Midnight Xpress, Inc. and others,<br>Defendants. | )<br>)<br>) Civil Action No. 17-23010-Civ-Scola<br>)<br>) |

**Order on Defendants' Motion To Dismiss**

Plaintiff Eduardo Dimingo brings this suit for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), alleging that the Defendants were his joint employers and that they failed to pay him overtime wages. This matter is before the Court on the Defendants' Motion to Dismiss (ECF No. 21). For the reasons set forth below, the Court **grants** the motion to dismiss.

1. **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). For purposes of Rule 12(b)(6), a court generally may not look beyond the pleadings, which includes any information attached to a complaint. *U.S. ex. Rel. Osheroff v. Humana, Inc.,* 776 F.3d 805, 811 (11th Cir. 2015) (internal citations omitted).

### 2. Analysis

The FLSA requires an employer to pay its employee "an overtime wage of one and one-half times his regular rate for all hours he works in excess of forty hours per week." *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011); *see also* 29 U.S.C. § 207(a). "In order to be eligible for FLSA overtime, however, an employee must first demonstrate that he is 'covered' by the FLSA." *Josendis*, 662 F.3d at 1298. This requires a showing that the jurisdictional prerequisite of "interstate commerce" exists in a given case, a showing that may be made one of two ways—individual coverage or enterprise coverage. *Id.* The Defendants argue that the Complaint should be dismissed because it fails to sufficiently allege enterprise or individual coverage.

The Complaint attempts to plead individual coverage, enterprise coverage, and joint enterprise coverage. However, the allegations concerning each type of coverage merely consist of a recitation of the various requirements for pleading each type of coverage. Indeed, the Complaint appears to be a boiler-plate complaint used by Plaintiff's counsel, as one of the paragraphs in the Complaint erroneously references two entities that are defendants in another suit brought by Plaintiff's counsel that is currently pending before the undersigned. (Compl. ¶ 26.) Other than the identities of the Defendants, the dates of the Plaintiff's employment, his job title, and the average hours worked, the Complaint contains no specific factual allegations whatsoever. The Complaint does not even identify the nature of the Defendants' businesses. Although a plaintiff "need not do much" to plead individual or enterprise coverage, this Court has held that a plaintiff fails to adequately plead coverage where the plaintiff does not allege specific facts to support his conclusions. *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F.Supp.2d 1373, 1377 (S.D. Fla. 2012) (Scola, J.); *see also Pardue v. Specialty Eng'g Consultants, Inc.*, 85 F. Supp. 3d 1347, 1349–50 (S.D. Fla. 2015) (Marra, J.) (a plaintiff must provide the "factual underpinnings" which support his general allegations and legal conclusions); *Perez v. Muab, Inc.,* No. 10-62441, 2011 WL 845818, at *3 (S.D. Fla. Mar. 7, 2011) (Cohn, J.) (mere recitation of the statutory language that an individual was engaged in commerce is insufficient to allege individual coverage).

The failure of the Plaintiff to include specific factual allegations to support his conclusion that he is a covered employee is especially troubling because, as noted by the Defendant, Plaintiff's counsel has had similar complaints dismissed by other courts in this district for the exact same deficiencies. For example, in *Gonzalez v. Old Lisbon Restaurant & Bar L.L.C.*, 820 F.Supp.2d 1365, 1368 (S.D. Fla. 2011), Magistrate Judge Goodman

dismissed a complaint filed by Plaintiffs' counsel because "Plaintiff's complaint is devoid of any allegations describing the type of business activities in which Defendants are engaged and for what purpose. Instead, Plaintiff literally has taken the legal test for joint enterprise coverage and repeated its exact terms as his allegations." 820 F.Supp.2d at 1370. Yet rather than file an amended complaint in response to the Defendants' motion to dismiss citing to this case law, the Plaintiff instead filed a fourteen-page response arguing that he has, in fact, adequately pleaded his claim. (Resp., ECF No. 22.) He has not. The Court reminds Plaintiff's counsel that they must comply with the requirements of Federal Rule of Civil Procedure 11(b), which states, in relevant part, that by presenting a pleading, written motion, or other paper to the Court, the attorney certifies that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that "the claims, defenses, and other legal contentions are warranted by existing law . . . ."

### 3. Conclusion

Accordingly, the Defendants' Motion to Dismiss is **granted** (**ECF No. 21**), and the Complaint is **dismissed without prejudice**. The Court will grant the Plaintiff **one** opportunity to amend the Complaint, provided he has a good faith basis for doing so. Any amended complaint must be filed on or before **December 1, 2017**.

**Done and ordered**, Miami, Florida, on November 17, 2017.

_____
Robert N. Scola, Jr.
United States District Judge