United States District Court
for the
Southern District of Florida

| Eduardo E. Dimingo, Plaintiff, | ) | |
|---|---|---|
| v. | ) | |
| Midnight Xpress, Inc. and others, | ) | Civil Action No. 17-23010-Civ-Scola |
| Defendants. | ) | |

### Order on the Plaintiff's Motion for Clarification

This matter is before the Court on the Plaintiff's Motion for Clarification and to Compel Second Depositions of Defendants Limited to the Issue of FLSA Enterprise Coverage, which asks the Court to clarify whether it dismissed all of the Plaintiff's allegations concerning enterprise coverage in the First Amended Complaint, or whether the Court dismissed only the Plaintiff's allegations concerning his joint enterprise theory (ECF No. 37). The Court **grants** the motion for clarification (**ECF No. 37**) and provides the following guidance concerning its Order on Defendants' Motion to Dismiss First Amended Complaint (ECF No. 32).

The Court dismissed the Plaintiff's first complaint because the allegations consisted "of a recitation of the various requirements for pleading each type of [FLSA] coverage." (Order on Def.'s Mot. to Dismiss 2, ECF No. 24.) The Court granted the Plaintiff "**one** opportunity to amend the Complaint . . . ." (*Id.* at 3 (emphasis in original).) The Plaintiff subsequently filed his First Amended Complaint (ECF No. 26.) The Court granted in part and denied in part the Defendant's motion to dismiss the First Amended Complaint, holding that the Plaintiff had properly alleged individual coverage under the FLSA, but not enterprise coverage. (Order on Def.'s Mot. to Dismiss First Am. Compl., ECF No. 32.) As the Court stated in the order, an employee may show that his employer is subject to enterprise coverage by demonstrating that: (1) the employer has two or more employees regularly and recurrently engaged in commerce or in the production of goods for commerce, or has two or more employees regularly and recurrently handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) the employer is an enterprise whose annual gross volume of sales made or business done is not less than $500,000. *Scott v. K.W. Max Investments, Inc.*, 256 F. App'x 244, 248 (11th Cir. 2007); *Diaz v. Jaguar Rest. Grp.*, LLC, 649 F. Supp. 2d 1343, 1346 (S.D. Fla. 2009). The Court noted that the First Amended Complaint stated that the Plaintiff intended to utilize a joint enterprise theory in order to establish that the Defendants' volume of sales was

$500,000 or more, and held that the Plaintiff had not adequately alleged joint enterprise coverage. (Order at 3-5.)

The Plaintiff's motion for clarification erroneously assumes that his joint enterprise theory can be severed from the rest of the allegations concerning enterprise coverage. The Plaintiff attempts to argue that he "clearly pled FLSA enterprise coverage" by relying on the allegation in the First Amended Complaint that "all of the Defendant Corporations had gross sales or business done in excess of $500,000 annually each and/or combined . . . ." (First Am. Compl. ¶ 18.) However, the first sentence of the very next paragraph stated that, "[w]ith respect to the $500,000 threshold, Plaintiff intends to stack income to fullest extent allowable by law, under a joint enterprise theory . . . ." (*Id.* ¶ 19.) Thus, the joint enterprise theory cannot be severed from the rest of the allegations concerning enterprise coverage because the Plaintiff explicitly relied on the joint enterprise theory in order to meet the sales volume requirement. This is precisely why the Court analyzed the Plaintiff's joint enterprise theory under the heading "Enterprise Coverage," and why the Court stated in the conclusion that it "dismisses the allegations concerning enterprise coverage in the First Amended Complaint." (Order 3-5, 9, ECF No. 32.) Now that the Court has determined that the Plaintiff did not adequately plead joint enterprise coverage, the Plaintiff appears to be asking the Court to simply ignore his explicit reliance on that theory. The Court cannot and will not re-write the First Amended Complaint for the Plaintiff.

To the extent that the Plaintiff still believes that compelling second depositions of the individual Defendants or the corporate Defendants' representatives is warranted, the Plaintiff may utilize the procedures for enforcing discovery obligations set forth in Magistrate Judge Torres's Order Setting Discovery Procedures (ECF No. 20).

**Done and ordered**, Miami, Florida, on February 5, 2018.

_____
Robert N. Scola, Jr.
United States District Judge