# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-23010-CV-SCOLA/TORRES

EDUARDO DIMINGO,

       Plaintiff,

v.

MIDNIGHT XPRESS, INC., *et al.*,

       Defendants.

_____/

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' MOTION TO TAX COSTS

This matter is before the Court on Defendants' Motion to Tax Costs, filed on July 30, 2018. [D.E. 30]. Plaintiff responded in opposition to that Motion on August 10, 2018, [D.E. 106], and Defendants' Reply followed on August 17, 2018. [D.E. 108]. The Honorable Judge Robert N. Scola referred the Motion to the undersigned on August 2, 2018. [D.E. 105]. Following our review of the materials provided by Defendants in support of the Motion, in addition to Plaintiff's arguments and the relevant legal authorities governing the dispute, we **RECOMMEND** that the Motion be **GRANTED in part** and **DENIED in part**.

## I.    *FACTUAL BACKGROUND*

Plaintiff initiated this lawsuit on August 8, 2017, alleging that the various Defendants violated the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"). [D.E. 1, 26]. According to the operative

Complaint, Plaintiff worked as a security guard for the Defendants, operators of several trucking businesses, at a property owned by the various entities and used to store products and vehicles. [D.E. 26, ¶¶ 15-16]. During his employment with the Defendant companies, Plaintiff claims that he received a flat rate of pay for the time spent working at the premises, but did not receive time-and-a-half pay for weeks in which his work exceeded forty hours. *Id.*, ¶ 24.

On July 2, 2018, Judge Robert N. Scola entered summary judgment in Defendants' favor. [D.E. 101]. The Court found that Plaintiff did not qualify for coverage under the FLSA because he was not an employee – as the Act requires – but an independent contractor. *See* 29 U.S.C. § 203(e)(1). For this reason, the overtime wage provisions Plaintiff alleged Defendants violated were not applicable, and summary judgment as a matter of law was granted in the companies' favor. [D.E. 101]. Defendants now seek to recover taxable costs as a result of this victory, [D.E. 104], and that Motion is before this Court.

Defendants request an award of $1,855.20 in taxable costs, which consists of (1) $1,505.20 for fees associated with printed or electronically recorded transcripts, and (2) $350.00 for the compensation of interpreters. [D.E. 104-1]. Plaintiff, who does not dispute that Defendants prevailed in the litigation and are accordingly entitled to recover certain costs associated with the litigation, nevertheless argue in opposition that Defendants' requests "clearly exceed the scope of [the recovery] permitted." [D.E. 106, p. 1]. Plaintiff contends that any award of costs "should be considered in light of [his] dire financial position and that the fees for copies sought

2

by Defendants are "highly excessive." *Id.*, p. 2. For this reason, Plaintiff claims any award must be reduced accordingly. *Id.*

The matter became ripe following the filing of Defendants' Reply on August 17, 2018, [D.E. 108], and we find that the Motion should be granted.

## II. APPLICABLE LEGAL PRINCIPLES

The FLSA directs courts to award attorney's fees to the prevailing party in an action brought under the statute. 29 U.S.C. § 216(b). Rule 54 of the Federal Rules of Civil Procedure likewise provides that costs, other than attorneys' fees, shall be allowed to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d)(1). A "prevailing party" is one in whose favor judgment is rendered. *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-Op, Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002) ("An enforceable judgment establishes a plaintiff as a prevailing party because the plaintiff has received at least some relief based upon the merits of a claim."). Defendants are without question the prevailing party because their Motion for Summary Judgment was granted by Judge Scola, and so Defendants are entitled to costs.

28 U.S.C. § 1920 sets out the specific costs that may be recovered by a prevailing party:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C § 1920. Courts may only tax costs authorized by statute, and the party seeking an award of costs must submit a request that enables the court to determine the party's entitlement to those costs. *Zainulabeddin v. Univ. of South Fla. Board of Trustees*, -- F. App'x--, 2018 WL 4214308, at *9 (11th Cir. Sept. 5, 2018) (citing *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.2d 600, 620 (11th Cir. 2000) and *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994)).

## III.   ANALYSIS

Defendants are entitled to recover costs associated with the taking of depositions in this case. Deposition transcripts are generally taxable so long as they were "necessarily obtained for use in the case." *E.E.O.C.*, 213 F.3d at 620-21. District courts have wide latitude in determining whether a deposition was necessary, but the general rule is that "a deposition is considered to be necessary if it was related to an issue that was present in the case when the deposition was actually taken." *Pronman v. Styles*, 2015 WL 69113391, at *1 (S.D. Fla. Nov. 10, 2015). Courts in this District have also found that costs associated with appearance and transcription fees by the court reporter are compensable. *See Berrios v. Univ. of Miami*, 2012 WL 7051307, at *3 (S.D. Fla. Oct. 25, 2012) (observing that numerous courts have ruled that attendance fees of court reporters are taxable costs because they are necessary for

4

the court reporter to appear, record the testimony, and prepare the deposition transcript); *Rodriguez v. M.I. Quality Lawn Maint., Inc.*, 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012).

Here, Defendant seeks costs for the depositions of the Plaintiff and two individual Defendants that allegedly controlled the operation of the various companies sued by Dimingo. These depositions were filed in conjunction with both parties' Motions for Summary Judgment, and thus we find that each was necessarily taken for use in this case. Accordingly, Defendant is entitled to recover the court reporter fee, the costs included in obtaining a copy of each deposition transcript, and the black and white exhibits attached to the deposition transcripts, as those items were also necessarily obtained for use in the case. *See Garcia v. ALS Education, Inc.*, 2018 WL 1570364, at *2 (S.D. Fla. Mar. 30, 2018) (awarding costs in the form of transcripts, exhibits and court reporter fees for depositions taken and used in motions for summary judgment because each was "necessarily obtained for use in the case.").

We also find an award for costs for interpreter fees is appropriate, as such costs may be recovered under 28 U.S.C. § 1920(6). *See Rodriguez v. Demolition King, Inc.*, 2015 WL 3970570, at *3 (S.D. Fla. June 30, 2015); *Rodriguez v. Pasat Roofing, Inc.*, 2014 WL 11706450, at *2 (S.D. Fla. Sept. 10, 2014). Plaintiff does not challenge the use of the interpreter, and so we find that the costs associated with that use in the amount of $350.00 is reasonable and recoverable.

The only costs we will deny are for "condensed transcripts," the "electronic package," shipping fees and "tabs" associated with Plaintiff's deposition, and the

"electronic PDF" and "handling and delivery costs" sought in conjunction with the depositions of Yanel and Anatella Martinez. [D.E. 104-2, p. 2 and 3]. We find that these were incurred for the convenience of counsel, rather than for the defense of the case, and thus are not compensable. *See Garcia*, 2018 WL 1570364, at \*3 (denying defendant's request for fees associated with preparation of mini-transcripts, a "litigation support package," and shipping and delivery costs); *RFG Environmental Group v. Activ Tek Environmental Corp.*, 2010 WL 3269982, at \*3 (S.D. Fla. July 21, 2010) (delivery charges, expedited fees, postage costs, condensed transcripts, and copies of transcripts not recoverable). We will deduct $76.90 for costs associated with the deposition of Plaintiff as unrecoverable, and $50.00 of these costs from the depositions of Yanel and Anatella Martinez.

Plaintiff also challenges as "highly excessive" the costs for copying of deposition transcripts. But Plaintiff is mistaken, as he confuses the cost of fees for deposition transcripts, found at 20 U.S.C. § 1920(2), with the costs for making copies of materials pursuant to § 1920(4). We likewise reject Plaintiff's argument about his "dire" financial circumstances: "[e]ven where the non-prevailing party is indigent, the district court needs a sound basis to overcome the strong presumption that a prevailing party is entitled to costs." *Zainulabeddin*, 2018 WL 4214308, at \*9 (citing *Mathews v. Crosby*, 480 F.3d 1265, 1276-77 (11th Cir. 2007)). He has offered no support for his claim about his financial position, so he has not given us any "sound basis" to overcome the strong presumption to award costs. It is therefore rejected.

## IV.   *CONCLUSION*

For the reasons stated herein, we find that Defendants' Motion should be **GRANTED in part** and **DENIED in part**, with an award of taxable costs to total $1,728.30.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the Honorable Robert N. Scola, United States District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND ORDERED** in Chambers at Miami, Florida this 25th day of October, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge